**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-00208-NYW-CYC

MICHAEL DEVLOO, P.E.,

Plaintiff,

v.

ARCHULETA COUNTY,
HAYLEIGH BROWN,
JACOB KOEHLER,
DYLAINA GAUVEY,
DONNA GRAY,
KRISTEN MCCOY,
ROBERT HILL,
ROXANNE LATTIN,
DARCY DOWNING, and
JOHN AND JANE DOES 1–9,

Defendants.

---

## ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge ("Recommendation"), issued by the Honorable Cyrus Y. Chung. [Doc. 33]. Judge Chung recommends that the Court grant Defendants' Motion to Dismiss, [Doc. 20]. *See* [Doc. 33 at 15]. For the following reasons, the Court respectfully **ADOPTS** the Recommendation, **as amended**.

## BACKGROUND

As an initial matter, the Court notes that Plaintiff Michael Devloo ("Plaintiff" or "Mr. Devloo") does not object to Judge Chung's summary of his factual allegations. *See* [Doc. 33 at 2–4]. *See generally* [Doc. 34]. Accordingly, the Court **ADOPTS** that portion

of the Recommendation and recounts the facts only to the extent necessary to resolve Mr. Devloo's Objection.

Mr. Devloo was arrested on April 23, 2025 for suspected child abuse and harassment of his preschool-aged daughter, K.A.D.[1] [Doc. 5 at ¶ 30; *id.* at 17]. Defendant Hayleigh Brown ("Deputy Brown") began investigating Mr. Devloo after law enforcement received a tip from a person who observed Mr. Devloo aggressively hitting something in his vehicle. [*Id.* at 18; Doc. 26, Ex. A at 1:30–2:21]. The tipster inferred that a child was involved after seeing a car seat. [Doc. 26, Ex. A at 2:21–2:29]. Deputy Brown and a DHS caseworker, Defendant Darcy Downing ("Ms. Downing"), interviewed K.A.D. at her preschool. [*Id.* at 10:47–26:10]. During the interview, they observed a "bump" on K.A.D.'s face. *See* [*id.*]; *see also* [Doc. 35 at 5 (photograph of the bump); Doc. 36-1 at 1–2 (Plaintiff agreeing that this photograph is accurate)]. When questioned about the bump, K.A.D. stated that the bump had occurred in the car but denied that it hurt and did not clearly explain its cause. [Doc. 26, Ex. A at 13:58–14:33, 19:40–21:24]. She also stated that her father had spanked her earlier in the car. [*Id.* at 18:10–55, 21:28–42]. Deputy Brown and Ms. Downing spoke with a teacher, who had earlier asked K.A.D. about the "bruising" on her face. [*Id.* at 27:16–27:22]. When asked if her face hurt, K.A.D. had answered

---

[1] The Court notes that the Complaint is not restricted and identifies Mr. Devloo's daughter by her full name, as do other exhibits attached thereto. [Doc. 5]. Rule 5.2 of the Federal Rules of Civil Procedure contemplates that filings will only include a minor's initials, and this Court proceeds with using only his minor daughter's initials accordingly. To the extent that Mr. Devloo seeks to restrict his daughter's full name from the Complaint and/or exhibits, he should file a formal Motion to Restrict and identify all the documents that require restriction and also include a redacted version of such document(s) that only uses K.A.D. as an identifier no later than **October 23, 2026**. Without such motion and proposed redacted documents, this Court will not sua sponte restrict or redact any public filings.

affirmatively. [*Id.* at 27:22–27:24]. When asked what happened, K.A.D. responded that "Daddy hit me 'cause he didn't like what I was doing." [*Id.* at 27:22–27:34]. Deputy Brown found these facts sufficient to arrest Mr. Devloo. *See* [Doc. 5 at 17–21 (Deputy Brown's arrest affidavit and narrative)].

Mr. Devloo was detained for approximately seven hours. [Doc. 5 at ¶¶ 30, 33]. Defendant Donna Gray ("Deputy Gray") did not permit him to use a phone for approximately five hours. [*Id.* at ¶ 36]. The charges against Mr. Devloo were later dismissed, based partly on a report from the Archuleta County Department Human Services ("DHS") that found no evidence of abuse. [*Id.* at ¶¶ 48–50]. After his criminal case was dismissed, Mr. Devloo discovered discrepancies in body-worn camera recordings and audit logs. *See* [*id.* at ¶¶ 41–47].

Mr. Devloo filed suit in state court, and Defendants removed to federal court. [Doc. 1]. Mr. Devloo brings six claims. Five of those claims allege violations of federal law, pursuant to 42 U.S.C. § 1983: (1) a Fourth Amendment claim for unlawful seizure and false arrest ("Count One"); (2) a Fourteenth Amendment due process claim for materially altered or suppressed evidence ("Count Two"); (3) a Fourteenth Amendment procedural due process claim based on his treatment during detention ("Count Three"); (4) a Fourteenth Amendment claim for unlawful conditions of confinement ("Count Four"); and (5) a municipal liability claim for failure to train, supervise, or implement proper policies ("Count Five"). [Doc. 5 at ¶¶ 54–87]. The final claim, Count Six, includes several state law claims. *See* [*id.* at ¶¶ 88–92].

Defendants moved to dismiss all claims, asserting qualified immunity against the federal claims and state sovereign immunity against the state law claims. [Doc. 20].

Judge Chung recommends granting the Motion to Dismiss, dismissing all federal claims with prejudice, and declining supplemental jurisdiction over the state law claims. *See* [Doc. 33].

Plaintiff filed a timely Objection, [Doc. 34], and Defendants responded, [Doc. 35]. *See* [Doc. 71]. Plaintiff also requests leave to submit a limited reply brief, [Doc. 36; Doc. 36-1], which the Court **GRANTS**. The Court considers the Parties' arguments below.

## LEGAL STANDARDS

### I. Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of an objection, the Court may review a recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Absent a valid objection, the Court reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. This standard of review is less than a "clearly

erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than de novo review, Fed. R. Civ. P. 72(b).

## II. Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

## III. Qualified Immunity

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A motion to dismiss based on qualified immunity creates a presumption of immunity, *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) (citation omitted), and the burden shifts to the plaintiff to overcome this presumption, *Hunt v. Montano*, 39 F.4th 1270, 1284 (10th Cir. 2022). To rebut an assertion of qualified immunity, a plaintiff must establish "(1) that the defendant violated a constitutional or statutory right, and (2) that this right

was clearly established at the time of the defendant's conduct." *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010) (citation and quotation omitted). The Court has discretion to decide which of these requirements to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A right is clearly established if there is a decision by the Supreme Court or Tenth Circuit on point or if the weight of authority in other courts provides that the right is clearly established. *See DeSpain v. Uphoff*, 264 F.3d 965, 979 (10th Cir. 2001). A case is considered "on point" if it involves materially similar conduct to the case at hand or applies "with obvious clarity" to the conduct at issue. *Lowe v. Raemisch*, 864 F.3d 1205, 1208 (10th Cir. 2017) (cleaned up). Although a case directly on point is not required, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *see also Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (defining inquiry as whether "state of the law" at the time of alleged violation gave defendants "fair warning" that their conduct was unconstitutional).

## IV. Pro Se Filings

Because Plaintiff proceeds pro se, his filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

### I. Count One: Unlawful Seizure and False Arrest

Plaintiff first objects to Judge Chung's conclusion that Count One fails to state a plausible claim for Fourth Amendment unlawful seizure and false arrest. [Doc. 34 at 3–6]. To state a claim for false arrest in violation of the Fourth Amendment, a plaintiff must allege that the police officer lacked probable cause for the arrest. *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012). Probable cause does not "require the suspect's guilt to be more likely true than false. Instead, the relevant question is whether a substantial probability existed that the suspect committed the crime, requiring something more than a bare suspicion." *Kerns v. Bader*, 663 F.3d 1173, 1188 (10th Cir. 2011). This inquiry is based on the totality of the circumstances. *See Maryland v. Pringle*, 540 U.S. 366, 371 n.2 (2003).

While probable cause "is not a high bar" on its own, *Kaley v. United States*, 571 U.S. 320, 338 (2014), the standard is even lower when an officer asserts qualified immunity. When determining whether an officer violated clearly established law, courts consider "whether there was 'arguable probable cause' for an arrest." *Kaufman*, 697 F.3d at 1300 (quoting *Cortez v. McCauley*, 478 F.3d 1108, 1121 (10th Cir. 2007) (en banc)). "Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014). "A defendant is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to arrest or detain the plaintiff." *Id.* (quotation omitted). To overcome qualified immunity,

a plaintiff must plausibly allege that "it would have been clear to a reasonable officer that probable cause was lacking under the circumstances." *Kaufman*, 697 F.3d at 1300.

Judge Chung found that Mr. Devloo fails to allege absence of arguable probable cause. Noting that a person commits child abuse under Colorado law if a person "causes an injury to a child's life or health," [Doc. 33 at 7 (quoting Colo. Rev. Stat. § 18-6-401(1)(a))], he summed up his analysis as follows:

> Here, Brown observed a bump on the daughter's face; received a report that a citizen had witnessed the plaintiff hitting something aggressively in a car with a car seat; interviewed the daughter, who confirmed that the mark had happened in the car but could not pinpoint its cause; and received a report from a teacher indicating that the daughter had attributed the mark to the plaintiff hitting her. No more was necessary for arguable probable cause.

[*Id.*].

Plaintiff's Objection boils down to an argument that Judge Chung failed to adequately account for exculpatory statements made by K.A.D. in her interview. [Doc. 34 at 3–6]; *see also, e.g.*, [Doc. 26, Ex. A at 18:07–19:20 (K.A.D. denying that Mr. Devloo struck her cheek or did anything besides spank her)]. The Court is respectfully unpersuaded. K.A.D. was three years old at the time of her interview. [Doc. 5 at 19]. It is unsurprising that her statements did not paint a clear picture for investigators. Some statements were exculpatory, some were inculpatory, and some did not appear relevant to the investigation at all. But several of K.A.D.'s statements—that the bump on her cheek occurred in the car that day and that her father had spanked her earlier because she was crying—were consistent with other inculpatory information gleaned from the teacher and tipster. And with due respect to Mr. Devloo, the exculpatory statements he and his partner made to Deputy Brown did not clearly vitiate probable cause, either alone or in

combination with the conflicting statements from K.A.D. *See* [Doc. 34 at 5]; *cf. Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1260 (10th Cir. 1998) (finding no arguable probable cause where person accused of jewelry theft provided receipts for jewelry in her possession and made exculpatory statements that were corroborated by security footage). Based on the totality of this evidence, a reasonable officer in Deputy Brown's position could have concluded that probable cause existed to arrest Mr. Devloo for child abuse. *See Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (finding that probable cause existed based on two witnesses' statements).[2] The Recommendation is respectfully **ADOPTED** as to Count One.

## II. Count Two: Alteration of Evidence

Judge Chung recommends dismissing Count Two because Plaintiff fails to explain how any altered body-worn camera footage or records were used against him or otherwise caused him prejudice in his criminal proceeding. [Doc. 33 at 9–11]. "To rise to the level of a constitutional violation, a plaintiff must assert a causal connection between the fabrication of evidence and the deprivation of liberty." *Truman v. Orem City,* 1 F.4th 1227, 1236 (10th Cir. 2021). The asserted deprivations of liberty in this case are Plaintiff's arrest and ensuing seven-hour detention. [Doc. 5 at ¶¶ 33–40]. The Court concurs with

[2] This provides an independent basis for granting the Motion to Dismiss. In any event, the Court also concurs with Judge Chung's alternative holding that Deputy Brown had arguable probable cause to arrest Plaintiff for harassment. *See* [Doc. 33 at 8–9]. Plaintiff's objection to this portion of the Recommendation mostly focuses on the "intent" requirement of the harassment statute. [Doc. 34 at 6]; Colo. Rev. Stat. § 18-9-111(1)(a). Plaintiff did not raise the intent issue in his response brief, *see* [Doc. 29 at 6], so this argument is waived, *see Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). And to the extent Plaintiff objects to Judge Chung's assessment of the body-worn camera footage, the Court respectfully disagrees for the reasons set forth above.

Judge Chung that it is entirely unclear how altered body-worn camera footage or records could have caused either of these deprivations.

Plaintiff's Objection does not address this flaw. *See* [Doc. 34 at 6–8]. Rather than disputing Judge Chung's analysis, he seems to argue that this claim should not be dismissed with prejudice as futile. *See* [*id.*]. This is also unpersuasive. Plaintiff seems to propose that he could allege more inconsistencies in the records documenting his arrest and detention. But he does not clarify how any of these inconsistencies actually caused a deprivation of liberty or were used against him in his promptly-dismissed criminal proceeding. *See Warnick v. Cooley*, 895 F.3d 746, 753 (10th Cir. 2018) ("[I]f an officer . . . fabricates evidence and puts that fabricated evidence in a drawer, making no further use of it, then the officer has not violated due process." (quotation omitted)). Nor does Mr. Devloo point to any authorities showing that clearly established law supports his theory of this claim. The Court respectfully agrees with Judge Chung that the obvious defects in this claim make further amendment futile. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010); [Doc. 33 at 14–15]. Plaintiff's Objection is **OVERRULED** as to Count Two, and this portion of the Recommendation is **ADOPTED**.

**III. Counts Three and Four**

Judge Chung recommends dismissal of Count Three—the procedural due process claim—and Count Four—the conditions of confinement claim. [Doc. 33 at 11–13]. And because he would grant qualified immunity based on lack of clearly established law, he recommends dismissing these claims with prejudice. [*Id.* at 14–15]. Plaintiff does not object to either of these conclusions. [Doc. 34 at 8]. Instead, he asks only that this Court reconsider the analysis of Count Three if the Court sustains his objections to Count One.

*See* [*id.*]. Having overruled the Objection as to Count One, the Court likewise **OVERRULES** the Objection as to Count Three. No further de novo review is necessary to these portions of the Recommendation, and the Court finds no clear error on the face of the record. The Recommendation is **ADOPTED** as to Counts Three and Four.

## IV. Count Five: Municipal Liability

Judge Chung recommends dismissing Plaintiff's municipal liability claim against Archuleta County. [Doc. 33 at13–14]. Judge Chung finds that Plaintiff fails to allege an underlying constitutional violation, fails to allege any specific defects in training or supervision, and fails to allege how any defect caused a constitutional violation. [*Id.*]. Judge Chung further recommends dismissal with prejudice of all federal claims—including this one—because "defendants are entitled to qualified immunity for lack of clearly established law." [*Id.* at 14–15].

Plaintiff does not object to the substance of Judge Chung's analysis of Count Five. [Doc. 34 at 8–9]. And aside from his objection regarding Count Two that the Court addressed above, he does not object to dismissal with prejudice of his other federal claims. *See generally* [*id.*]. The Court finds no clear error on the face of the record and **ADOPTS** these portions of the Recommendation. But Mr. Devloo does object to dismissing Count Five with prejudice based on qualified immunity. [Doc. 34 8–9]. The Court respectfully agrees.

To be clear, the Court agrees with Judge Chung that Plaintiff's present allegations fall *far* short of a plausible municipal liability claim. But as Mr. Devloo points out, municipalities cannot invoke qualified immunity. [*Id.*]; *Cillo v. City of Greenwood Village*, 739 F.3d 451, 460 n.13 (10th Cir. 2013). So a lack of clearly established law is not, on

its own, a basis for dismissing a claim against a municipality. Moreover, while Judge Chung is correct that failure-to-train and failure-to-supervise claims require an underlying constitutional violation by an individual officer, a narrow range claims based on "systemic" policy failures may arise "where the alleged violation occurred as a result of multiple officials' actions or inactions."[3] *See Crowson v. Washington Cnty.*, 983 F.3d 1166, 1191 (10th Cir. 2020) (referring to this as a "limited exception" to the general rule requiring "a constitutional violation, not just an unconstitutional policy"). Here, Plaintiff has alleged a lack of "proper policies" as one dimension of his municipal liability claim, but does not allege specific facts to support that general assertion. [Doc. 5 at ¶¶ 81–87 (capitalization altered)]. And no Party has addressed this theory of liability, and the Court respectfully declines to craft facts or argument in support of either side. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants).

[3] In addition, with respect to Count One, the Court understands the Recommendation to conclude only that Deputy Brown had *arguable* probable cause to arrest Mr. Devloo, without reaching whether there was actual probable cause. [Doc. 33 at 6–9]. While this is sufficient to grant Deputy Brown qualified immunity, it does not resolve whether an underlying constitutional violation actually occurred for municipal liability purposes. *See Kaufman*, 697 F.3d at 1300 (recognizing that arguable probable cause relates to the "clearly established" prong of qualified immunity). The Court respectfully declines to address actual probable cause in the first instance, particularly because Mr. Devloo's municipal liability claim may ultimately fail for other reasons.

On the current record, the Court cannot conclude that amendment of this claim would be futile. *See id.* Therefore, the Recommendation is thus **ADOPTED, as amended** as to Count Five. Count Five is **DISMISSED without prejudice**.[4]

## V. Count Six: State Law Claims

Judge Chung recommends declining supplemental jurisdiction over Count Six. [Doc. 33 at 14]. Having dismissed all federal claims, the Court agrees with this portion of the Recommendation. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir.2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). If Plaintiff elects to seek leave to amend, he may include his state law claims in his proposed amended complaint. *See* [Doc. 34 at 9]. For now, though, this portion of the Recommendation is **ADOPTED**, and Count Six is respectfully **DISMISSED without prejudice**.

## CONCLUSION

For the reasons set forth in this Order, it is **ORDERED** that:

[4] Though the Tenth Circuit has observed that pro se plaintiffs "generally should be given leave to amend," *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014), courts may deny leave to amend in the absence of a formal motion requesting leave to amend because a "bare request to amend in response to a motion to dismiss" does not alert the court or opposing party of the request to amend or the basis for it, *see Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) (quotation omitted). Here, Mr. Devloo has failed to identify any specific amendment(s) either in his Response to the Motion to Dismiss, *see* [Doc. 29 at 7–8], or in his Objection, *see* [Doc. 34 at 10], that would save Count Five. If, after Plaintiff has an opportunity to review this Order, he continues to contend that amendment of Count Five is proper, he must meet and confer with Defendants about any proposed amendments and may file a formal motion for leave to amend, solely as to Count Five, no later than **October 23, 2026**. Any formal request for leave to amend must address and account for the Court's rulings reflected in this Order. To the extent that Plaintiff does not seek leave to amend by that date, this Court will award Defendants their costs under Federal Rule of Civil Procedure 54 and Local Rule 54.1 and direct the Clerk of the Court to enter judgment and close this case.

(1) Plaintiff's Unopposed Motion for Leave to File a Limited Reply in Support of Plaintiff's Specific Objections [Doc. 36] is **GRANTED**;

(2) Plaintiff's Objection [Doc. 34] is **OVERRULED in part** and **SUSTAINED in part**;

(3) The Recommendation of United States Magistrate Judge [Doc. 33] is **ADOPTED as amended**, as set forth herein;

(4) Defendants' Motion to Dismiss [Doc. 20] is **GRANTED** to the extent they seek dismissal of all claims and **DENIED** to the extent they seek dismissal with prejudice of Count Five;

(5) Counts One through Four are **DISMISSED with prejudice**;

(6) Counts Five and Six are **DISMISSED without prejudice**;

(7) No later than **October 23, 2026**, Plaintiff may seek leave to amend as to Count Five through a formal motion to amend after a robust meet and confer with Defendants; and

(8) The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff at his address of record.

DATED: September 29, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge